SNORE *v.* HAMMOND.

1. SALES—BREACH OF WARRANTY — RESCISSION — ACTION — MEASURE OF DAMAGES.

   Where a declaration on the common counts for breach of warranty on the sale of a horse, contained also a special count on the theory of a rescission of the contract for false representations, and there was evidence sustaining both theories, it was error for the court to instruct that the verdict, if for plaintiff, should be for the amount of the purchase price.

2. SAME—ELECTION BETWEEN COUNTS.

   Where a declaration contains counts for breach of warranty on the sale of a horse, and one on the theory of a rescission of the contract for false representations, plaintiff must elect; the measure of damages not being the same.

Error to Eaton; Smith, J. Submitted January 10, 1905. (Docket No. 37.) Decided June 8, 1905.

Assumpsit by Peter Snore against Elmer Hammond for breach of warranty on the sale of a horse. There was judgment for plaintiff, and defendant brings error. Reversed.

*Lyman H. McCall* and *Horace S. Maynard*, for appellant.

*George Huggett*, for appellee.

OSTRANDER, J. The plaintiff bought a horse of defendant, paid the purchase price, and took the horse away. Later he brought this action in justice's court, and on appeal to the circuit court a judgment in his favor was obtained. The declaration is in writing, and contains a special count in assumpsit for breach of warranty, drawn in approved common-law form, with the additional averment that plaintiff, "as soon as he discovered the fraud practiced upon him, returned said horse to defendant,"

and defendant refused to return the purchase price. The declaration also contains counts for money lent, for money paid, and for money had and received. At the beginning of the trial, counsel for defendant asked that plaintiff be required to elect whether he would recover upon the special count or upon the common counts. No error is assigned upon the refusal of the court to so order, and the fact is mentioned to explain subsequent proceedings in the course of the trial.

It was the theory of the plaintiff, averred in the special count, and supported upon the trial by his own testimony and the testimony of others, that the price paid for the horse was $140; that defendant, by parol, expressly warranted the horse to be then sound, to be able to stand hard work, and to be not more than seven years old; that there was breach of this contract of warranty, the lack of the warranted qualities making the horse valueless to plaintiff for the purpose for which he was purchased; that with respect to these warranted qualities the misrepresentations were willfully false. There is no other proof of damages, and no claim that it was a part of any agreement that the horse might under any circumstances be returned.

On the part of defendant the sale of the horse for the price stated was admitted, and testimony was introduced to disprove a warranty, to show that only qualified representations as to age, soundness, and capacity for work were made, and to negative any willful misrepresentations of the animal's condition and qualities.

The errors assigned—15 in number—are all to the charge of the court as given, and his failure to charge as requested.

In his charge, the court said to the jury:

"This action is for damages which the plaintiff alleges he has sustained by a breach of warranty made by the defendant on the sale of a horse."

Again:

"To entitle the plaintiff to recover, you must find that the defendant did warrant the horse."

Again:

"The question of warranty is the first question for you to consider. If none was made, the plaintiff cannot recover, and, if you find that the defendant made no warranty, as plaintiff claims he did, then your verdict will be for the defendant, 'No cause of action.'"

Again:

"If the plaintiff recovers at all, it must be upon an express contract of warranty made by the defendant in the treaty of this sale, and so made before the delivery of the horse and the payment of the purchase price."

He charged the jury correctly as to what constitutes a warranty under the circumstances of this case. But the court also said to the jury:

"A statement made by the defendant that the horse was sound and able to stand hard work, and not more than seven years old, if you find that he made such a statement during the trade, would amount to a warranty that the statements were true, unless he qualified them by adding, 'So far as I know,' or, 'That was what I got the horse for,' or, 'That was what the horse was recommended to me for,' or some words of that character and substance, intended by him to limit his liability. Now, if it turned out that the horse was unsound and unable to stand hard work, and was more than seven years old, that would not constitute fraud or deceit, unless the defendant, at the time he made the statements, knew them to be false. To constitute such false and fraudulent representations as would give the plaintiff a right to rescind this sale, you must find that whatever representations or statements the defendant made during the trade he knew to be false, and knew that he was making statements that were untrue."

He further charged them:

"Your verdict in the case will be for the plaintiff for one hundred and forty dollars, the amount paid for the horse, or for the defendant, 'No cause of action,' as you shall find the truth to be."

The jury returned a verdict for $140.

The charge of the court is somewhat explained by the claim of the plaintiff, made in his brief in this court, that,

even if there was a failure to prove the' warranty as alleged and its breach, he was still entitled to recover upon the theory that whatever representations the defendant did make concerning the horse were willfully false, entitling plaintiff to rescind the contract of sale and return the horse. The fact shown by the record that plaintiff did return the horse to the defendant, and, against defendant's protest, left the horse with him, is a further evidence of reliance upon this theory. The jury, upon the testimony, might have found a warranty of the horse as alleged, and a breach of the warranty, and, upon that branch of the case, damages which might or might not have been $140. And this without reference to the fact whether the seller knew or did not know that the warranted condition and qualities of the horse existed. They might have found that no warranty was made as alleged, but that certain representations were made by the seller which were untrue in fact, but were innocently made; that they warranted the plaintiff in rescinding the contract of sale; and that plaintiff had made such rescission, and was entitled to recover the price he paid for the horse. The court was in error in instructing the jury that the verdict, if in favor of plaintiff, must be for the sum of $140.

As the case must go back for a new trial, we think it proper to say that upon this record the rule announced in *H. W. Williams Transportation Line* v. *Darius Cole Transportation Co.*, 129 Mich. 209 (56 L. R. A. 939), applies, and that plaintiff should elect whether he will proceed upon the theory of damages for breach of the alleged warranty, or upon the theory of a rescinded contract of sale. While the actual damages recovered might be the same under either theory, it is manifest that the rule of damages is not the same.

The judgment is reversed, with costs, and a new trial granted.

MOORE, C. J., and CARPENTER, MONTGOMERY, and HOOKER, JJ., concurred.